[No. 3,941.]

## YOUNG AMERICA ENGINE COMPANY No. 6 *v.* CITY OF SACRAMENTO.

Parol Evidence in Case of Deed. In an action by a *cestui que trust* against a trustee to enforce the trust, by compelling a conveyance of the legal title to the *cestui que trust*, parol evidence, in the absence of fraud or mistake in making the deed, will not be received on behalf of the trustee, to contradict the language of the deed, and show that the trustee named in the deed, and not the *cestui que trust*, was the beneficiary.

Appeal from the District Court of the Sixth Judicial District, County of Sacramento.

This was an action to require the defendant to convey the legal title to a lot in the city of Sacramento to the plaintiff. The plaintiff was organized as a corporation January 31st, 1856, under Chapter VIII of the Act of April 29th, 1850, entitled "An Act concerning corporations." About one year thereafter the premises in controversy were conveyed by one Hunter to Robinson, Perry and Folger, who were the trustees of the plaintiff. In November, 1857, the plaintiff's trustees, as such, conveyed the property to the defendant's predecessor, the Mayor and the Common Coun-

cil of the city of Sacramento, by a deed in which the haben-
dum is as follows: "To have and to hold all and singular
the above mentioned and described premises, together
with appurtenances, unto the said party of the second part,
and to their successors in office as trustees of said Young
America Engine No. 6, and for the use and benefit of said
company forever." At the trial, the plaintiff having intro-
duced the deeds above mentioned, the defendant offered to
prove that the original purchase money ($1,000) was sub-
scribed by citizens other than members of the plaintiff, for
the purpose of buying a lot on which to erect a house for
Engine Company No. 6, the City Council agreeing to build
the house; that after the lot had been purchased with this
understanding, the city built an engine-house thereon at a
cost of $4,000; that the house was built by the city, and oc-
cupied by the plaintiff with the understanding and agree-
ment that it belonged to the city for the use of its fire de-
partment, and not for the separate use of the plaintiff; that
no member of plaintiff had paid any part of the purchase
money; that a change having been made in the organization
of the fire department of the city, the plaintiff was about to
disincorporate and divide its property among its members
and so divert the same from the uses of the fire-department.
The plaintiff objected to the evidence and the Court exclud-
ed it on the ground that, no mistake or fraud about the
execution of the deeds having been alleged, the defendant
could not be allowed by parol evidence to vary the terms of
the trust created. The defendant excepted to the ruling;
and, judgment having been rendered for the plaintiff, the
defendant appealed.

*McKune & Welty*, for the Appellant.

The evidence offered went to the character of the original
investment, to the character of the deed from Hunter to
Robinson *et al.*

The consideration is the principal thing to be considered
in the investigations concerning trusts. (*Barry* v. *Shelly*, 4
Hey. Tenn. 229, 231.) And the trust need not be raised in

writing. (*Second U. Soc.* v. *Woodbury,* 14 Me. 281; *Steere* v. *Steere,* 5 J. C. 18; *Harrison* v. *McMenomy,* 2 Edw. Ch. 18; *Elliott* v. *Armstrong,* 2 Blackf. 198.) But it may be by parol merely. (*De Peyster* v. *Gould,* 2 Greene, Ch. N. J. 474; *Dismukes* v. *Terry,* Walker, 197; 4 Blackf. 539; 2 Blackf. 441; *Letcher* v. *Letcher,* 4 J. J. Marsh, 590; *Basford* v. *Burr,* 2 J. C. 405.) And parol evidence may be given to contradict a deed. (*Boyd* v. *McLane,* 1 J. C. 582; 2 J. C. 405.) The transaction out of which a trust results may be given by parol, and thus establish the trust. (*Livermore* v. *Aldrich,* 5 Cush. 435; *Boyd* v. *McLane,* 1 Johns. Ch. 582; *Scoby* v. *Blanchard,* 3 N. H. 170; *Prichard* v. *Brown,* 4 N. H. 397.) And the Statute of Frauds does not effect trusts arising by operation of law. (Id., and *Ross* v. *Hageman,* 2 Edw. Ch. 373; *Smith* v. *Sackett,* 5 Gilman, 544; *Hoxie* v. *Carr,* 1 Sumner, 187.)

A party setting up a resulting trust may prove by parol the actual payment of the purchase money by himself, or on his behalf, even though the deed state it to have been paid by the grantee in the conveyance. (*DePeyster* v. *Gould,* 2 Greene, Ch. 474; *Peabody* v. *Tarbell,* 2 Cush. 232; *Barron* v. *Barron,* 24 Vt. 375; *Malin* v. *Malin,* 1 Wend. 625; *Harder* v. *Harder,* 2 Sanford's Ch., 17; *Pierce* v. *McKeehan,* 3 Barr, 136.)

In this case plaintiff paid no consideration in or about the said transaction, and equity will not in such case interfere, but will leave the parties to their legal remedies, the transaction being still executory.

*Robert C. Clark,* for Respondent.

It having been admitted on the trial, that Ab. C. Hunter was once the owner in fee of the property, the only evidence on the part of the plaintiff was a deed from him to Robinson, Perry and Folger, and a deed from them to the Mayor and Common Council of the city of Sacramento.

The *habendum* in the last mentioned deed, is in these words: "To have and to hold, all and singular, the above mentioned and described premises, together with appur-

· tenances, unto the said party of the second part, and to their successors in office, as trustees of said Young America Engine Company No. 6, and for the use and benefit of said company forever."

Without any allegation of fraud or mistake in the execution of said deed, or in the acceptance of the trust therein created, the defendant offered to prove by parol, certain facts claimed by it to be sufficient to destroy the trust estate.

By the COURT:

1.   The trust and the beneficiary were expressly declared on the face of the deeds—from Hunter to Robinson and others, and from the latter to the defendant—and parol evidence will not be allowed in such case upon the part of the trustee, the defendant here, to show that the trustee, and not the *cestui que trust* named in the deed, was the beneficiary.

2.   No point is made as to the form of the decree, and we will not consider it.

Judgment affirmed.   Remittitur forthwith.